UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FREDERICK W. LONG, III,

                Plaintiff                Case No. 2:06-cv-701
                                                  District Judge Sargus
vs.                                                Magistrate Judge Abel

TIME INSURANCE COMPANY, ET AL.,

                Defendants

MEMORANDUM AND ORDER

This case is before the Court on two motions filed by Plaintiff's counsel after he filed notice of Plaintiff's death on August 4, 2007 (Doc. 58, 8-8-07), but before appointment of an administrator for Plaintiff's estate and filing of the now-pending motion to substitute that estate as party-plaintiff (Plaintiff's Motion For Substitution Of Parties, Doc.62, 11-21-07). Those two motions filed in the interim by Plaintiff's counsel are Plaintiff's Motion In Limine To Allow Evidence Of Unavailable Party (Doc. 57, 10-25-07) and Plaintiff's Amended Motion In Limine To Allow Evidence Of Unavailable Party (Doc. 58, 11-6-08). Defendant Time Insurance Company (Time Ins.) has opposed these motions *in limine*, in part on the ground that the movant lacks standing because the motion for substitution was not timely filed after notice of Plaintiff Long's death, and such substitution has never been ordered (Doc. 64, 12-7-07, p. 2).[1] In these circumstances, the Court considers it appropriate,

---

1. Defendant State Farm Insurance Company (State Farm) has also opposed the motions *in limine*, but has not raised the same "standing" issue (Doc. 63, 12-7-07), and neither Defendant has formally opposed the motion for substitution.

if not required, to rule on the motion for substitution of the party-plaintiff, before considering the motions *in limine* respecting admissibility of evidence.

Federal courts sitting in diversity cases apply state substantive law and federal procedural law. Hanna v. Plumer, 380 U.S. 460, 465 (1965). Thus, Defendant Time Ins. is correct in its reliance on Rule 25(a) of the Federal Rules of Civil Procedure as pertinent to the standing question it has raised in opposing the motions *in limine*. However, Defendant is mistaken in asserting that the motion for substitution of parties was not timely filed in this case and, therefore, that the case must be dismissed in accordance with Rule 25(a)'s express provisions.

As in effect on August 8, 2007, Rule 25(a)(1)[2] provided that, if a claim was not extinguished by death, a deceased party's "successor or representative" might move for substitution, and it also established a ninety-day period "after service of a statement noting the death [after which] the action by or against the decedent must be dismissed." However, as explained by the Tenth Circuit in a case with facts comparable to those presented here (and which resulted in reversal of the district court's orders refusing substitution and dismissing the case), running of the ninety-day limitation period does not begin absent strict compliance with filing and service requirements of the rule.

> The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a

---

2. Neither the amendment to Rule 25 effective December 1, 2007, nor the earlier amendment effective August 1, 1987, makes substantive changes or affects applicability of the authorities cited in this discussion.

> party's death. See *Miller Bros.*, 505 F.2d at 1034-35. . . .
>
> Further, a suggestion of death must be served in accordance with Rule 25(a)(1). See *Miller Bros.*, 505 F.2d at 1034-35. . . . While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed.R.Civ.P. 4. See *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir.1985) . . . .

Grandbouche v. Lovell 913 F.2d 835, 836-37 (10th Cir. 1990). In addition, "[t]he law is well settled that the Suggestion of Death must identify the successor or representative of the deceased." Dietrich v. Burrows, 164 F.R.D. 220, 222 (N.D. Ohio 1995) (citing McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir.1985); Smith v. Planas, 151 F.R.D. 547 (S.D. N.Y. 1993)).

Furthermore, as noted in Morales v. CT Holdings, Inc. (S.D. N.Y. No. 01 Civ. 1303 KMWKNF, 10-10-01, 2001 WL 1204011, *1) express provision in Rule 25(a)(1) effectively "limits the entities and persons who may suggest death upon the record to those who may move for substitution." (Citing In re Klein, 36 B.R. 390, 392-93 (Bkr. E.D.N.Y. 1984); Al- Jundi v. Rockefeller, 88 F.R.D. 244, 246 (W.D .N.Y. 1980)).

> . . . . Only a party to an action or the successors or representatives of a deceased party may make a motion for substitution when a party to an action dies. A decedent's attorney is not a party to the action and, perforce of the decedent's death, ceases to represent him; hence, an attorney for a deceased party has no authority to suggest the death of his deceased client upon the record.

Morales at *1 (citing Smith v. Planas, 151 F.R.D. at 549-50 ("For a suggestion of death to be valid, a representative of a deceased party and not that [deceased] party's attorney, must make the suggestion of death."))

In the present case, notice of the original Plaintiff's death was filed by his attorney, not a representative or successor. Further, that notice neither identified nor served such a successor or representative. It is therefore clear that the ninety-day time limit for substitution under Rule 25(a)(1) was never triggered. When the motion for substitution was filed on November 21, 2007, it was filed by the "Estate of Frederick Long, III, by and through counsel," a successor in interest capable of making the motion naming its then recently-appointed Administrator, Martin B. Long, who is an appropriate substitute party-plaintiff. See Ashley v. Illinois Cent. Gulf R. Co., 98 F.R.D. 722 (D.C. Miss. 1983). Neither of the present parties-defendant have objected to that motion for substitution, and the case has proceeded, both before and after the motion, as if the appropriate substitution was being, or had been, made. See, e.g., Magistrate Judge's scheduling orders 9-25-07 (Doc. 56), 1-17-08 (Doc. 69), 1-22-08 (Doc. 70) and Status Conference Order 3-5-08 (Doc. 74). See also the two Defendants' now-pending motions for summary judgment (Docs 65 and 78), the latter of which several times refers to the opposing party as Mr. Long's Estate. In these circumstances considered in light of the above authority, the motion for substitution will be granted, and the Court will proceed to rule on the two motions *in limine*, which the substitute Plaintiff clearly intends to adopt.

The two motions in question, which are identical except for the latter's attachment of copies of certain documents, expressly seek "an Order allowing testimony and documents of the deceased to be used as evidence in this case. . ." including, but not limited to, "pleadings, handwritten and typed statements by

4

Frederick W. Long III, affidavits, verifications in support of pleadings, etc."[3] Docs. 57, 58, p. 1. Thus, Plaintiff is seeking an anticipatory ruling on the admissibility of various items of possibly relevant evidence, in advance of any actually being offered at trial or even for the Court's consideration in connection with a motion for summary judgment. Such a motion, like the motion for substitution discussed above, clearly presents a procedural question and its determination is therefore governed by federal law. See Surles ex rel. Johnson v. Greyhound Lines, Inc. 474 F.3d 288, 296, n.1 (6th Cir. 2007).[4]

Although there is no express provision for such a motion in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence, motions *in limine* are routinely entertained in certain circumstances by federal courts. The Supreme Court has recognized the practice and noted that it "has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n. 4 (1984). Its purpose has variously been described as "'to

---

3. Page 3 of each motion's memorandum adds "diagrams, and newspaper articles supplied by Mr. Long to Mills Law Office for the purpose of evidence in this case" to the list set out in the motions.

4. "While state law governs substantive issues in diversity suits, federal procedural law applies. *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir.2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). The Federal Rules of Evidence constitute procedural rules. *Id.* While the Rules direct federal courts sitting in diversity to apply state evidentiary laws in three narrow contexts, see Fed. R. Evid. 302 (presumptions); Fed. R. Evid. 501 (privileges); Fed. R. Evid. 601 (witness competency), federal courts properly apply the Rules' relevance requirements in ruling on the admissibility of evidence. See *County of Ontonagon, Mich. v. Land Located in Dickinson County, Mich.*, 902 F.3d 1568, 1990 WL 66813, at *4 (6th Cir. May 21, 1990) (unpublished)." *Ibid.*

aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir.1996) (quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F.Supp. 1400, 1401 (D. Md.1987)) and "to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. See Indiana Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d 844, 846 (N.D.Ohio 2004) (citing Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir.1997) ('The motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.")). Besides saving trial time, such pretrial rulings often may save the parties time, effort, and cost in preparing and presenting their cases. Koch v. Koch Industries, Inc. 2 F.Supp.2d 1385, 1388 (D. Kan. 1998) (citing Pivot Point Intern., Inc. v. Charlene Products, Inc., 932 F.Supp. 220, 222 (N.D. Ill. 1996).

This *in limine* procedure is most often discussed in the context of motions to exclude particular evidence from attempted introduction or reference by counsel at trial,[5] frequently in determining whether the issue has been preserved for appeal. Even in those cases, however, courts have been careful to point out certain limi-

---

4. "It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." Jonasson, 115 F.3d 440.

6

tations on the efficacy of its use. "Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." Sperberg v. Goodyear Tire & Rubber Co. 519 F.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." Koch, at 1388.

> .... There may also be cases where a change in circumstances, after the *in limine* ruling but before trial, might make it unreasonable for the proponent to rely on the solely *in limine* ruling to preserve the issue (a new basis for admissibility might arise or the court's initial reason for exclusion might be mooted).

Fusco v. General Motors Corp. 11 F.3d 259, 263 n.3 (1st Cir. 1993). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. U.S. 469 U.S. at 41-42.

In support of his motions here, Plaintiff expressly relies on three authorities: two Ohio court opinions (Reicher v. Melzer, 169 Ohio St. 135 (1959) and Kunzie v. Leeds, Inc., 66 Ohio App. 469, 34 N.E.2d 448 (1941)) and Rule 804 of the Ohio Rules of Evidence (Ohio R. Evid.). Docs. 57, 58, p. 2. However, none of those authorities supports granting any part of Plaintiff's motion. That is so in the first instance because, as noted above, with limited exceptions not applicable here, rules of evidence and their application are matters of procedure governed in this case by federal, not state, law. See fn. 3; see also Sims v. Great Amer. Life Ins. Co., 469 F.3d 870 (10th Cir. 2006) (Federal Rules of Evidence, as an act of Congress, are not governed by te dictates of the Eire doctrine in federal diversity cases). Further-

more, although not controlling of this Court's analysis, the two Ohio cases cited do not support the argument that Ohio courts would consider allegations of now-deceased Plaintiff's complaint to be admissible evidence in this case, and it appears that Ohio courts agree the Ohio Rules of Evidence, including those regarding the admissibility of hearsay evidence, are procedural, not substantive, in nature. Cf., In re Coy, 67 Ohio St. 3d 215 (1993); Johnson v. Porter, 14 Ohio St. 3d 58 (1984).

Considering Plaintiff's motions under the Federal Rules of Evidence in light of the established principles for ruling on *in limine* motions in federal court discussed above, the Court finds no sufficient basis for granting any part of the order Plaintiff seeks. Fed. R. Evid. 804 providing for certain exceptions to hearsay evidence rules where the declarant is unavailable as a witness contains no provision comparable to that contained in Ohio R. Evid. 805(B)(5), which arguably might permit offer of certain statements of the deceased Plaintiff "to rebut testimony of an adverse party." Even if the federal rule did contain such a provision, it is doubtful that a ruling in advance of the time such evidence might come to be offered would be justified. In the absence of some such particular provision applicable to some or all of the potential evidence in question here *and* a justification for ruling on its admissibility in advance of its actual proffer, this Court is constrained to follow our circuit's admonition in Sperberg and decline ruling on such questions unless and until they arise.

8

Consistent with the foregoing, Plaintiff's Motion For Substitution Of Parties, (Doc.62) is GRANTED, and it is ORDERED that Martin B. Long, Administrator of the, Estate of Frederick Long, III, be substituted as the Plaintiff in this case.

Further, Plaintiff's Motions In Limine To Allow Evidence of Unavailable Party (Docs. 57 and 58) are DENIED without prejudice to Plaintiff's right to proffer any particular of the subject items for ruling as to admissibility at subsequent stages of this proceeding.

IT IS SO ORDERED.

8-6-2008
Dated

Edmund A. Sargus, Jr.
United States District Judge